IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BLUESTONE VENTURES INC.,<br>Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC.,<br>Defendant. | Case No. 6:21-cv-00685<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bluestone Ventures Inc. ("Bluestone"), by and through its counsel files this Complaint against Uber Technologies, Inc. ("Uber") for patent infringement of United States Patent Nos. 9,921,077 ("'707 patent") and 10,502,583 ("'583 patent") (collectively "patents-in-suit") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**THE PARTIES**

2. Plaintiff Bluestone is a privately held company organized under the laws of the Commonwealth of Virginia with its principal place of business at 3949 Pender Dr., Suite 350, Fairfax, VA 22030.

3. On information and belief, Defendant Uber is incorporated under the laws of the State of Delaware with its principal place of business in the State of California. Uber may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. On information and belief, Uber has been registered to do business in the state of Texas under Texas SOS file number 0801630825 since on or about July 25, 2012.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. Uber is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long Arm Statute because, in part, Uber "[r]ecruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

7. This Court also has personal jurisdiction over Uber because Uber has continuous and systematic business contacts with the State of Texas. Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising (including the provision of interactive web pages and Mobile Applications) its services in the State of Texas and in this district. Defendant has purposefully and voluntarily made its infringing systems available to residents of this district and into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this district.

8. On information and belief, Uber maintains a substantial and continuous business presence in this district, including Uber "Green Light" Service Centers in Austin and San Antonio. On information and belief, such Centers are located at: (i) 507 Calles Street, Suite 120, Austin, Texas 78702 (*See* Fig. 1); and (ii) 121 Interpark Blvd., Suite 501, San Antonio, Texas 78216.




Fig. 1, result of Google Map search for Uber Greenlight, Austin.[1]

[1] Any and all references to Internet content, unless noted otherwise, are cited as of May 4, 2021.

9. On information and belief, the Uber Green Light Centers are locations in which users of the Uber infringing apparatus can: (i) apply to drive as an Independent Contractor for Uber; (ii) obtain assistance with Uber documents; and (iii) ask questions about an Uber account. *See, e.g.,* https://www.hyrecar.com/blog/uber-greenlight-hub/

10. On information and belief, Uber maintains a business presence in this district in the form of its office space in downtown Austin at 201 East 3rd Street. On information and belief, the Austin headquarters is the location from which Uber operations across seven states are managed. *See* https://www.statesman.com/photogallery/TX/20180302/PHOTOGALLERY/303029894/PH/1

11. On information and belief, Defendant maintains an ongoing and continuous business presence in the State of Texas and specifically within this district, which is illustrated by the fact that Uber has at least 290 employees residing in the Austin, Texas area and within this district. *See* Fig. 2, Uber corporate profile page on LinkedIn.com, which lists the location of Uber employees worldwide, and specifically lists 290 such individual employees in the Austin, Texas area.




Fig. 2.

12. Venue is proper pursuant to at least 28 U.S.C. § 1400(b), at least because Uber has committed acts of infringement in this district and has a regular and established place of business in this district.

## BACKGROUND

### United States Patent No. 9,921,077

13. On May 20, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '077 patent entitled "Method and System for

Dynamic Estimation and Predictive Route Generation" to inventors Michael Sheha, Angie Sheha, Stephen Petilli, and Arun Yarlagadda.

14. The '077 patent is presumed valid under 35 U.S.C. § 282.

15. Bluestone owns all rights, title, and interest in the '077 patent.

16. Bluestone has not granted Uber a license to the '077 patent.

17. The '077 patent describes inter alia a method and system for enabling mobile devices to send location updates to a receiving device or devices for use in vehicle dispatch applications.

18. In one embodiment, "a user wishing to calculate which mobile device is closest to a particular single location, or single mobile device, when using real-time location updates from each of the mobile devices can significantly improving the sorting calculation and decision process when compared to Line-Of-Sight (LOS) distance calculations which are currently used in the prior art." The '077 patent explains that "calculating the estimated route in real-time, or based on the current position information for each mobile device, will significantly improve the decision making process in determining which mobile device is closest to the central point."

19. In another embodiment, the '077 patent explains that the "estimated route preferably uses the provided map data to calculate the route, and is based on various vehicle-specific route preferences and map data information, such as one-way streets, posted road speeds, turn restrictions, etc."

**United States Patent No. 10,502,583**

20. On December 10, 2019, the USPTO duly and legally issued the '583 patent entitled "Method and System for Dynamic Estimation and Predictive Route Generation" to inventors Michael Sheha, Angie Sheha, Stephen Petilli, and Arun Yalagadda.

21. The '583 patent is presumed valid under 35 U.S.C. § 282.

22. Bluestone owns all rights, title and interest in the '583 patent.

23. Bluestone has not granted Uber a license to the '583 patent.

24. The specification of the '583 patent is the same as the '077 patent specification and solves the problems and provides the benefits recited above in connection with the '077 patent.

**CLAIMS FOR RELIEF**

**Count I – Infringement of United States Patent No. 9,921,077**

25. Bluestone repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs, as set forth above.

26. Uber hosts, develops, programs, operates, supports, and/or provides network services to enable on demand transportation for both riders and drivers ("Uber Services"). See, e.g., https://developer.uber.com/docs/api-overview (providing an overview of the Uber API); https://developer.uber.com/docs/drivers (providing an overview of the Driver API).

27. Uber develops, programs, supports, and makes available for download and installation mobile apps for Uber riders ("Uber Rider App") and Uber drivers

("Uber Driver App") (collectively, the "Uber Apps"). The Uber Apps can be installed on computing devices (rider or driver devices) running several different operating systems, including but not limited to certain versions of iOS and Android.

28. As part of the Uber Services, Uber makes available a specialized vehicle navigation system to its drivers through the Uber Driver App. See, e.g., https://www.uber.com/newsroom/a-new-navigation-experience-for-drivers/ (describing Uber's navigation system)

29. Uber infringes one or more claims of the '077 patent, including at least claim 1, through one or more components of the Uber Services, the Uber Driver App and/or the Uber Rider App (wherever appropriate, the Uber Services, the Uber Driver App, and the Uber Rider App are referred to collectively as "the Uber Driver System").

30. As shown in the image below, one or more components of the Uber Driver System performs "receiving at a server, first data comprising a plurality of location updates from a plurality of transportation provider mobile devices, each of the plurality of transportation provider mobile devices corresponding to a respective one of a plurality of transportation providers and each of the plurality of location updates representing a location of a respective one of the plurality of transportation providers at a particular time." *See* Fig. 3.




Fig. 3[2]

31. One or more components of the Uber Driver System performs "causing a display of a plurality of indicators on a graphical representation of a map, each of the plurality of indicators corresponding to a current position of a respective one of the

---

[2] Figures 3-6 are screenshots from an Uber ride taken on May 17, 2021.

plurality of transportation providers based on a respective one of the plurality of location updates." *See* Figs. 3 and 4.







Fig. 4

32. One or more components of the Uber Driver System performs "receiving, at the server from a customer mobile device, second data comprising a pickup location for a customer associated with the customer mobile device." *See* Fig. 5.




Fig. 5

33. One or more components of the Uber Driver System performs "determining, for each of the plurality of transportation providers and using at least the first data and the pickup location, a distance between the transportation provider and

the pickup location and an estimated time of arrival of the transportation provider at the pickup location." *See* Figs. 3 and 5.

34. One or more components of the Uber Driver System performs "generating, by the server, a sorted listing of the plurality of transportation providers using at least one of the determined distances between the transportation providers and the pickup location and the determined estimated times of arrival of the transportation providers at the pickup location." *See* Figs. 3 and 5.




Fig. 6

35. One or more components of the Uber Driver System performs "causing a display of the sorted listing to enable a selection from the sorted listing." *See* Figs. 3 and 5.

36. One or more components of the Uber Driver System performs "selecting, based on the selection from the sorted listing and at least the first data and the second data, a preferred transportation provider from among the plurality of transportation providers to provide transportation for the customer." *See* Fig. 6.

37. Defendant, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '077 patent, including at least claim 1 by using and making, in this judicial district and/or elsewhere in the United States, the Uber Driver System. For example, Uber controls the Uber Driver System as a whole by running, operating, and/or supporting its Uber Services or otherwise making its Uber Services available to drivers through the Uber Driver App and customers through the Uber Rider App, and obtains benefits from such use at least by collecting Uber transportation payments. Uber makes the Uber Driver System by hosting and/or launching its Uber Services or otherwise making its Uber Services available to existing Uber drivers through the Uber Driver App and customers through the Uber Rider app, which are configured to transmit information related to Uber's on-demand transportation services between the Uber Services and the Uber Driver App and/or Uber Rider App.

38. Bluestone has been damaged by at least the direct infringement by Uber and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count II – Infringement of United States Patent No. 10,502,583**

39. Bluestone repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs, as set forth above.

40. Uber infringes one or more claims of the ’583 patent, including at least claim 1, through the Uber Driver System.

41. One or more components of the Uber Driver System performs “receiving, at a server, first data comprising a plurality of location updates from a plurality of transportation provider mobile devices, each of the plurality of transportation provider mobile devices corresponding to a respective one of a plurality of transportation providers and each of the plurality of location updates representing a location of a respective one of the plurality of transportation providers at a particular time.” *See* Fig. 3.

42. One or more components of the Uber Driver System performs “causing a display of a plurality of indicators on a graphical representation of a map, each of the plurality of indicators corresponding to a current position of a respective one of the plurality of transportation providers based on a respective one of the plurality of location updates.” *See* Fig. 4.

43. One or more components of the Uber Driver System performs “receiving, at the server from a customer mobile device, second data comprising a pickup location

for a customer associated with the customer mobile device." *See* Fig. 5.

44. One or more components of the Uber Driver System performs "determining, for each of the plurality of transportations providers and using at least the first data and the pickup location, a distance between the transportation provider and the pickup location and an estimated time of arrival of the transportation provider at the pickup location." *See* Fig. 5.

45. One or more components of the Uber Driver System performs "designating, by the server, a subset of the plurality of transportation providers using at least one of the determined distances between the transportation providers, the pickup location, the determined estimated times of arrival of the transportation providers at the pickup location, a vehicle passenger capacity." *See* Figs. 5 and 6.

46. One or more components of the Uber Driver System performs "selecting, from the subset of the plurality of transportation providers and based on at least the first data and the second data, a preferred transportation provider from among the plurality of transportation providers to provide transportation for the customer." *See* Figs. 5 and 6.

47. Defendant, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '583 patent, including at least claim 1 by using and making, in this judicial district and/or elsewhere in the United States, the Uber Driver System. For example, Uber controls the Uber Driver System as a whole by running, operating, and/or supporting its Uber Services or otherwise making its Uber Services available to

drivers through the Uber Driver App and customers through the Uber Rider App, and obtains benefits from such use at least by collecting Uber transportation payments. Uber makes the Uber Driver System by hosting and/or launching its Uber Services or otherwise making its Uber Services available to existing Uber drivers through the Uber Driver App and customers through the Uber Rider App, which are configured to transmit information related to Uber's on-demand transportation services between the Uber Services and the Uber Driver App and/or Uber Rider App.

48. Bluestone has been damaged by at least the direct infringement by Uber and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**JURY DEMANDED**

49. Pursuant to Federal Rule of Civil Procedure 38(b), Bluestone hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Bluestone respectfully requests this Court to enter judgment in Bluestone's favor and against Uber as follows:

a. finding that Uber has infringed one or more claims of the '077 patent;

b. finding that Uber has infringed one or more claims of the '583 patent;

c. awarding Bluestone damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

d. awarding Bluestone pre-judgment and post-judgment interest on the damages award and costs;

e. awarding cost of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

f. awarding such other costs and further relief that the Court determines to be just and equitable.

Dated: June 29, 2021

Respectfully submitted,

*/s/Raymond W. Mort, III*

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault (*pro hac vice* to be filed)*
Chandran B. Iyer (*pro hac vice* to be filed)
Jason Charkow (*pro hac vice* to be filed)*
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
jcharkow@daignaultiyer.com

DAIGNAULT IYER LLP
8618 Westwood Center Drive
Suite 150
Vienna, VA 22182

Attorneys for *Bluestone Ventures Inc.*

* Not admitted in Virginia